# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 CA 0140

## BLAIRE DUHON

## VERSUS

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS, ET AL.

*DATE OF JUDGMENT:*    OCT 1 3 2021

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
NUMBER 660,054, SECTION 23, PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

HONORABLE WILLIAM A. MORVANT, JUDGE

* * * * * *

Elizabeth B. Desselle
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Louisiana Department of Public Safety
& Corrections, et al.

Thomas V. Alonzo
Lafayette, Louisiana

Counsel for Petitioner-Appellee
Blaire Duhon

* * * * * *

BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.

Disposition: AFFIRMED.

Holdridge, J. Concurs.

**CHUTZ, J.**

Defendant-appellant, the Louisiana Department of Public Safety & Corrections (the Department), appeals a district court judgment ordering the Department to classify as a non-violent offense the vehicular homicide conviction of appellee, Blaire Duhon (petitioner), an inmate in the custody of the Department. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On April 24, 2014, petitioner committed a vehicular homicide while under the influence of alcohol. She pled guilty to that offense on August 21, 2015, and was sentenced that date to twenty-five years imprisonment at hard labor, with all but ten years suspended, with credit for time served, and a fine of $2,000.00, plus court costs.

In 2016, petitioner filed Administrative Remedy Procedure (ARP) No. HDQ-2016-1342. She requested that her sentence be recalculated as a non-violent rather than a violent offense and that her Master Prison Record be amended to reclassify her vehicular homicide conviction from a violent to a non-violent offense. Under La. R.S. 15:571.3, the classification of an offense as violent or non-violent affects the rate at which good time credit is earned.

On November 17, 2016, the Department denied petitioner's second-step request, stating:

> Your request is concerning Vehicular Homicide listed as a crime of violence under LA R.S. 14:2. The crime was effective for any one who commits the charge of Vehicular Homicide on or after March 19, 2013 and prior to May 28, 2014, according to the Louisiana Supreme Court, State vs[.] Oliphant[, 12-1176 (La. 3/19/13), 113 So.3d 165]. You committed your charge on April 24, 2014, therefore, this court ruling applies to you. Your time is computed correctly under ACT 1099....

Following the denial of her ARP, petitioner filed a petition for judicial review in the Nineteenth Judicial District Court. Upon reviewing the matter, a commissioner

2

recommended reversing the Department's refusal to reclassify petitioner's offense as a non-violent offense. The commissioner concluded the Department's denial of petitioner's ARP was manifestly erroneous and in violation of her statutory and constitutional rights. In accordance with the commissioner's recommendation, on November 18, 2020, the district court signed a judgment reversing the denial of petitioner's ARP and ordering the Department to "calculate the Petitioner's vehicular homicide sentence ... as a non-violent offense for purposes of good time eligibility." The Department has now appealed, arguing in a single assignment of error that the district court legally erred in reversing its agency decision without finding that the decision was manifestly erroneous or clearly wrong.

## DISCUSSION

The Department argues petitioner's offense is properly classified as a crime of violence because the offense was committed after the Supreme Court's decision in *State v. Oliphant*, 12-1176 (La. 3/19/13), 113 So.3d 165. In *Oliphant*, the Supreme Court held the defendant's vehicular homicide conviction was a violent offense under the general definition provided by La. R.S. 14:2(B), even though vehicular homicide was not one of the offenses specifically enumerated as a violent offense at that time. 113 So.3d at 173. Additionally, the Department points out that petitioner committed the offense before the legislature amended La. R.S. 14:2(B)[1] and 14:32.1(C), effective May 28, 2014,[2] to provide that a vehicular homicide is a crime of violence *only* if the offender's blood alcohol concentration (BAC) exceeds 0.20 percent. The Department argues these amendments are not

---

[1] Louisiana Revised Statutes 14:2(B)(46) was added to specifically enumerate vehicular homicide as a crime of violence when the offender's blood alcohol concertation exceeded 0.20 percent by weight at the time of the offense. Louisiana Revised Statutes 14:32.1(C) was added to provide that one convicted of vehicular homicide should be sentenced as one convicted of a crime of violence if the offender's blood alcohol concertation exceeded 0.20 percent by weight at the time of the offense.

[2] Louisiana Acts 2014, No. 280, § 2 provided that the amendments to La. R.S. 14:2(B) and 14:32.1 were to become effective upon signature of the governor or, if not signed by the governor, upon expiration of the delay for bills to become law without signature of the governor.

3

applicable to petitioner's offense because her offense was committed approximately one month before the May 2014 effective date of the statutory amendments, and the legislature expressed no retroactive intent. Accordingly, the Department argues the district court legally erred in reversing its agency decision in the absence of clear or manifest error in its decision.[3]

In Louisiana, the law in effect at the time an offense is committed generally dictates the penalty applicable to a defendant upon conviction. *State v. Holloway*, 15-1233 (La. 10/19/16), 217 So.3d 343, 347. However, there are exceptions to this rule when the legislature indicates an intention that the law be applied retroactively and doing so does not violate the *ex post facto* prohibitions in the state and federal constitutions.[4] The central inquiry in determining whether retroactive application of a law violates *ex post facto* prohibitions is "whether the change alters the definition of criminal conduct or increases the penalty." *Holloway*, 216 So.3d at 348, quoting *State ex rel. Olivieri v. State*, 00-0172 (La. 2/21/01), 779 So.2d 735, 744. When application of the new law does not make the punishment more burdensome and potentially is advantageous to the defendant, as in this case, the *ex post facto* prohibitions are not implicated and the new law possibly can be considered as an ameliorative change. See *Holloway*, 216 So.3d at 348.

Petitioner's offense was committed approximately fourteen months after the *Oliphant* decision holding that a vehicular homicide involving an offender with a BAC of 0.247 percent was a crime of violence and one month before the legislature amended La. R.S. 14:2(B) and 14:32.1 to provide that vehicular

---

[3] Under the Corrections Administrative Remedy Procedure, La. R.S. 15:1171, et seq., judicial review of an adverse decision by the Department is available pursuant to La. R.S. 15:1177. The district court may reverse or modify the Department's decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) affected by other error of law; (e) arbitrary, capricious, or characterized by an abuse of discretion; or (f) manifestly erroneous. La. R.S. 15:1177(A)(9).

[4] See U.S. Const. art. I, § 10 and La. Const. art. I, § 23.

4

homicide is a crime of violence *only* when the offender's BAC exceeds 0.20 percent.

In *Holloway*, where the defendant was sentenced in 2014 for a vehicular homicide committed in 2007 when he had a blood alcohol level of 0.051 percent, the Supreme Court held:

> [T]here is an indication the legislature did not intend for an offender like Holloway [offenders with a BAC not exceeding 0.20 percent] to be treated as having committed a crime of violence. Following the *Oliphant* decision, and eight days after Holloway was sentenced, the legislature amended the enumerated list of offenses in La. R.S. 14:2(B) to include vehicular homicide, but only when "the operator's BAC exceeds 0.20 percent by weight based on grams of alcohol per one hundred cubic centimeters of blood." La. R.S. 14:2(B)(46). As noted above, Holloway registered a BAC of 0.051 percent.

*Holloway*, 217 So.3d at 349.

Based on its interpretation of legislative intent, the Supreme Court indicated the vehicular homicide in *Holloway* should not be classified as a crime of violence under *Oliphant* even though the offender committed the offense in 2007, plead guilty in January 2014, and was sentenced eight days *before* the effective date of the amendment to La. R.S. 14:2(B), which placed a limit on those vehicular homicides that could be classified as violent offenses. **Id.**

We believe the same rationale for retroactively applying the amendments to La. R.S. 14:2(B) and 14:32.1 is applicable in the instant case, particularly since the petitioner's conviction and sentencing occurred *after* the effective date of the amendments. Under the amended versions of La. R.S. 14:2(B) and 14:32.1, petitioner's vehicular homicide conviction could be classified as a violent offense only if her BAC exceeded 0.20 percent. Moreover, there is no *ex post facto* violation because application of the amendments to petitioner's conviction for an offense committed prior to the effective date of the amendments will have an ameliorative effect and does not increase the penalty she was exposed to. An examination of the record reveals that the State did not make any allegation or

5

present any evidence concerning petitioner's BAC at the time of the offense, either in the bill of information or at the **Boykin** hearing where she pled guilty. Accordingly, there is no basis to classify petitioner's vehicular homicide conviction as a crime of violence.[5]

## CONCLUSION

For these reasons, the November 18, 2020 judgment in favor of petitioner, Blaire Duhon, ordering defendant, the Louisiana Department of Public Safety & Corrections, to calculate petitioner's vehicular homicide conviction as a non-violent offense for purposes of good time eligibility is hereby affirmed. The Department is to pay all costs of this appeal, in the amount of $811.50.

**AFFIRMED.**

---

[5] The instant case is distinguishable on its facts from *Gerald v. Louisiana Department of Public Safety and Corrections*, 2021 CA 0130, also handed down this date. In this case, the district court did not designate the petitioner's offense as a crime of violence. Rather, the Department made an administrative decision to classify her conviction as a violent offense. Thus, an ARP was the proper procedure for her to challenge the Department's decision to classify her as a violent offender, and that decision was properly reviewable by the district court on a petition for judicial review. Unlike the instant case, the district court in *Gerald* designated the petitioner's offense as a crime of violence, and the Department merely carried out the sentence imposed. Because the petitioner in *Gerald* actually challenged the legality of the sentence itself rather than a departmental administrative decision, his claim should have been raised through either a motion for reconsideration of sentence, a direct appeal, or a motion to correct an illegal sentence. *Madison v. Ward*, 00-2842 (La. App. 1st Cir. 7/3/02); 825 So.2d 1245, 1255 (en banc). The district court therein lacked authority to consider the petitioner's illegal sentence claim on a petition for judicial review.

6